IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50541

Summary Calendar

_____

THOMAS VARKONYI d/b/a
METAL RECYCLING COMPANY and
UNIQUE PRODUCTS INTERNATIONAL,

                                        Appellant,

versus

ANDREW B. KRAFSUR, Chapter 7 Trustee,

                                        Appellee,

versus

ALLSTATE INSURANCE CO.,

                                        Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-93-CV-441)

_____

May 15, 1996

Before HIGGINBOTHAM, DUHE', and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Allstate Insurance Company filed this interpleader action

against Thomas Varkonyi, d/b/a Metal Recycling Company and Unique

Products International, a Chapter 7 debtor, and Andrew Krafsur, the

_____

        [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

Chapter 7 trustee.  Allstate sought to resolve the adverse claims of Varkonyi and Krafsur as trustee to insurance proceeds arising from the claimed loss of Varkonyi's Lincoln Mark VII, which he had reported stolen.  Allstate also sought a declaratory judgment that it was justified in delaying payment of proceeds.  Prior to the bench trial, the parties agreed on a distribution of the insurance proceeds.  After the trial on the declaratory judgment action, the bankruptcy court ruled that Allstate had no further liability to Varkonyi; it concluded that, given the circumstances of Varkonyi's arrest and indictment on insurance fraud charges in connection with his Lincoln Mark VII, Allstate had not wrongfully delayed payment of the proceeds.  The district court affirmed.

Varkonyi now appeals, arguing that the district court erred in affirming the decision of the bankruptcy court.  He contends, inter alia, that the bankruptcy court judge should have disqualified himself; that Allstate brought the interpleader action for an improper purpose; and that the judgment is inconsistent in failing to clarify certain issues that may arise in Varkonyi's state court litigation against Allstate.  We have reviewed the record and the memoranda of the lower courts and find no reversible error.

AFFIRMED.